

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-44,431-09

**EX PARTE BRIAN KEITH MELTON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 32651CR-WRIT11697 IN THE 196TH DISTRICT COURT FROM HUNT COUNTY

*Per curiam*.

## O R D E R

The trial court sentenced Applicant to ten years in prison for third-degree felony violation of a protective order. Applicant did not appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Although a copy of the protective order is not in the habeas record provided to this Court, it appears that Applicant was subject to an emergency protective order after being arrested for an offense involving family violence. Applicant was convicted for violating this protective order. In several grounds, Applicant raises two main claims regarding this conviction. First, he says the indictment fails to charge an offense, but counsel failed to challenge it. Second, Applicant alleges

he is actually innocent of felony level violation of a protective order because he does not have any prior convictions for violating a protective order, so the offense is a misdemeanor, but counsel failed to understand this fact. There is no response from trial counsel in the habeas record or findings from the trial court resolving the disputed factual issues.

The record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law resolving the disputed factual issues. The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 12, 2022
Do not publish